J-S80016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.C.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.M., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2604 EDA 2017 |

Appeal from the Decree Entered July 13, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-AP-0000328-2015

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 26, 2018**

T.M. ("Father") appeals from the trial court's decree entered on July 13, 2017, which granted the petition to involuntarily terminate his parental rights to his daughter, D.C.C. ("Child"), born in March of 2012.  The petition was filed by Child's current caregiver and legal custodian, D.R.E.,[1] pursuant to 23 Pa.C.S. § 2511(a)(1), (2) and (b) of the Adoption Act, 23 Pa.C.S. §§ 2101-2938.  For the reasons that follow, we affirm.

_____

[1] D.R.E. satisfied the requirements of 23 Pa.C.S. § 2512(a)(3), regarding who may file a petition for involuntary termination of parental rights. Section 2512(a)(3) provides that a petition to terminate parental rights with respect to a child under the age of 18 years may be filed by "[t]he individual having custody or standing in loco parentis to the child and who has filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt)."  23 Pa.C.S. § 2512(a)(3).  As noted, D.R.E. had legal custody of Child, and the record reflects that on May 28, 2015, D.R.E. filed a report of intention to adopt Child.

The trial court summarized the factual and procedural history as follows:

[Child] was born [in] March [], 2012.

In May of 2012, [Child] came into the care of D.R.E. when [Child's] mother was no longer able to care for her.

On May 7, 2013, D.R.E. was granted primary physical and sole legal custody of [Child] by the Honorable Doris A. Pechkurow.

On May 28, 2015, D.R.E. filed petitions to terminate the parental rights of the mother and [F]ather.

D.R.E. has been performing all parental duties for [Child] since May, 2012.

On [November 22, 2016], after a Termination of Parental Rights hearing, the Honorable Daine Grey, Jr. terminated the mother's parental rights.

On July 13, 2017, a Termination of Parental Rights hearing for [Father] was held in this matter. The [c]ourt found by clear and convincing evidence that [Father's] parental rights of [Child] should be terminated pursuant to the Pennsylvania Juvenile Act.

The instant timely appeal of [Father] follows.

Trial Court Opinion, 9/11/17, at 1-2. The trial court and Father complied with Pa.R.A.P. 1925. On appeal, Father raises the following issue for our review: "Did the [t]rial [c]ourt err in terminating the parental rights of [Father] in that clear and convincing evidence for terminating his parental rights did not exist?" Father's Brief at 6.

Father contends that he attempted to maintain a relationship with Child, but that his efforts were thwarted by D.R.E. Father's Brief at 9. Father asserts that he attempted to contact D.R.E., and even sought court

intervention, but that D.R.E. "obstructed all his efforts." *Id.* Father argues that he "should not be punished for not doing more." *Id.* Father maintains that "clear and convincing evidence does not exist for this Court to take the drastic step of terminating the parental rights of [Father]." *Id.* at 10.

In reviewing an appeal from a decree terminating parental rights, we adhere to the following standard:

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted). "The trial court is free to make all credibility determinations, and may believe all, part, or none of the evidence presented." *In re J.F.M.*, 71 A.3d 989, 992 (Pa. Super. 2013). Importantly, "[i]f the findings of the trial court are supported by competent evidence, we will affirm even if the record could also support the opposite result." *Id.*

When deciding a case under 23 Pa.C.S. § 2511, the trial court must engage in a bifurcated process. *In re B.C.*, 36 A.3d 601, 606 (Pa. Super. 2012). In that analysis:

- 3 -

[t]he initial focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies at least one of the nine statutory grounds in section 2511(a). If the trial court determines that the parent's conduct warrants termination under section 2511(a), it must engage in an analysis of the best interests of the child under Section 2511(b), taking into primary consideration the developmental, physical, and emotional needs of the child.

*Id.*

Father's issue challenges the termination of his rights under Section 2511(a). We note that the trial court terminated Father's parental rights to Child pursuant to subsections (1) and (2) of Section 2511(a). Trial Court Opinion, 9/11/17, at 2. "This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of Section 2511(a)." *In re J.F.M.*, 71 A.3d at 992. Herein, we focus our analysis on Section 2511(a)(2).

To satisfy the requirements of Section 2511(a)(2), the moving party must produce clear and convincing evidence that the following three conditions are met: (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied. *In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa. Super. 2003); 23 Pa.C.S. § 2511(a)(2). The grounds for termination of parental rights under Section 2511(a)(2), due to parental incapacity that cannot be remedied, are not limited to

- 4 -

affirmative misconduct; to the contrary, those grounds may include acts of refusal, as well as incapacity to perform parental duties. ***In re A.L.D.***, 797 A.2d 326, 337 (Pa. Super. 2002).

Following the termination hearing, the trial court made the following factual findings:

> In the instant case, [F]ather and [M]other were [cohabitating] in a romantic relationship before and during [M]other's pregnancy. [F]ather knew [M]other was pregnant, believed [C]hild was his and knew [C]hild was born. [Child] was born in [March] of 2012, while [Father] was incarcerated. [Mother] brought [Child] to visit [Father] in prison when [Child] was approximately two months old. In September, 2014, [Father] was released from prison.[2] In the period between [Child's] prison visit with [Father] and his release from prison, [Father] had NO contact with [Child]. [F]ather testified that he was unavailable because he was incarcerated. . . . .
>
> Subsequently, in September of 2014 [Father] contacted D.R.E., [Child's] legal custodian, stating that he wanted "to be in [Child's] life[.]" In December of 2014, [Father] again contacted D.R.E. stating that he had clothes he wanted to give to [Child]. On both occasions, D.R.E. told [Father] to go to Family Court to file for visitation if he wanted to see [Child] and/or give her clothes. [Father] NEVER filed for visitation or custody of [Child]. [Father] testified that he did not file for visitation because he was unemployed, did not have any money and was attending community college. . . . Furthermore, prior to the filing of the petition, [Father] knew he was not listed on [Child's] birth certificate, however, he did not request a paternity test.

Trial Court Opinion, 9/11/17, at 2-3 (internal citations omitted) (emphasis in original).

_____

[2] Father also testified that since being released from prison in September of 2014, he has returned to jail twice. N.T., 7/13/17, at 62-63.

Father has been incarcerated for most of Child's life. Our Supreme Court addressed the relevance of incarceration in termination decisions under Section 2511(a)(2) as follows:

> [I]ncarceration is a factor, and indeed can be a determinative factor, in a court's conclusion that grounds for termination exist under § 2511(a)(2) where the repeated and continued incapacity of a parent due to incarceration has caused the child to be without essential parental care, control or subsistence and that the causes of the incapacity cannot or will not be remedied.

*In re Adoption of S.P.*, 47 A.3d 817, 829 (Pa. 2012). After revisiting its decision in *In re: R.I.S.*, 36 A.3d 567 (Pa. 2011), regarding incarcerated parents, our Supreme Court further stated:

> [W]e now definitively hold that incarceration, while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing "essential parental care, control or subsistence" and the length of the remaining confinement can be considered as highly relevant to whether "the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent," sufficient to provide grounds for termination pursuant to 23 Pa.C.S. § 2511(a)(2). *See e.g. Adoption of J.J.*, 515 A.2d [883,] 891 [(Pa. 1986)] ("A parent who is incapable of performing parental duties is just as parentally unfit as one who refuses to perform the duties."); [*In re:*] *E.A.P.*, 944 A.2d [79,] 85 [(Pa. Super. 2008)] (holding termination under § 2511(a)(2) supported by mother's repeated incarcerations and failure to be present for child, which caused child to be without essential care and subsistence for most of her life and which cannot be remedied despite mother's compliance with various prison programs). If a court finds grounds for termination under subsection (a)(2), a court must determine whether termination is in the best interests of the child, considering the developmental, physical, and emotional needs and welfare of the child pursuant to § 2511(b). In this regard, trial courts must carefully review the individual circumstances for every child to determine, *inter alia*, how a parent's incarceration will factor into an assessment of the child's best interest.

***In re Adoption of S.P.***, 47 A.3d at 830-831.

In granting D.R.E.'s petition for involuntary termination, the trial court made the following determination:

> In the instant case, [Father] had only one visit with [Child] when [Child] was approximately two months old. Furthermore, since December, 2014, [F]ather never requested to visit with [Child]. A DNA test positively established his paternity in January, 2016. Moreover, [Father] did not provide any financial support to [Child]. [Father] never visited [Child] or sent any gifts to [Child] after paternity was established. Lastly, [Father] NEVER filed for custody or visitation with [Child].

Trial Court Opinion, 9/11/17, at 4 (internal citations omitted) (emphasis in original).

Our review of the record supports the trial court's decision. As noted, Father has been incarcerated for most of Child's life. Father did not regularly visit or otherwise communicate with Child, having seen her only once in her life when Child was approximately two months old. Moreover, D.R.E. testified that Father did not offer financial support or send gifts or clothes to Child. Father has been incapable of providing parental care, control or subsistence for Child's physical and mental well-being, and this incapacity persisted to the day of the termination hearing. We, therefore, find no error or abuse of discretion in the trial court's decision to terminate Father's parental rights to Child pursuant to 23 Pa.C.S. § 2511(a)(2).

We now turn to Section 2511(b), which states:

> **(b) Other considerations.**--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the

child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.

23 Pa.C.S. § 2511(b). Under Section 2511(b), we inquire whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of Child. *In re C.M.S.*, 884 A.2d 1284, 1286-87 (Pa. Super. 2005). "Intangibles such as love, comfort, security, and stability are involved in the inquiry into the needs and welfare of the child." *Id.* at 1287 (citation omitted). The trial court must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond. *Id.* The mere finding of a parent-child bond does not preclude termination of parental rights; rather, the trial court must examine the status of the bond to determine whether its termination "would destroy an existing, necessary and beneficial relationship." *In re Adoption of T.B.B.*, 835 A.2d 387, 397 (Pa. Super. 2003). "[A] court may properly terminate parental bonds which exist **in form** but not **in substance** when preservation of the parental bond would consign a child to an indefinite, unhappy, and unstable future devoid of the irreducible minimum parental care to which that child is entitled." *In re J.W.*, 578 A.2d 952, 958 (Pa. Super. 1990) (emphases in original). Expert testimony is not required for the trial court to determine if there is a positive bond between a parent and his child. *In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008).

In addressing the best interests and welfare of Child, the trial court found:

> In the instant matter, there is no bond between [Child] and [Father]. [Child] has been in the care of D.R.E. since she was two months old. [Father] only had one visit with [Child] when she [was] an infant. [Child] is aware that she has a father, however, she never asked about him. Furthermore, [Child] never requested a visit with her father. [Child] and [Father] have NO relationship. The first time [Father] became aware that [Child] received special services for ADHD and anxiety disorders was at the [termination] hearing.
>
> The testimony is undisputed that a bond exists between [C]hild and her legal custodian, D.R.E. [Child] is a loving child who loves living with D.R.E. in her home. She wants to be like D.R.E. Furthermore, she shares a close relationship with D.R.E.'s family. She is involved in religious and community activities with D.R.E. Lastly, D.R.E. has cared for [Child] since she was two months old. She has attended to all of her needs. She sought special services for [Child] and has arranged for her to attend Kindergarten.

Trial Court Opinion, 9/11/17, at 4-5 (internal citations omitted) (emphasis in original).

Our review of the complete record supports the trial court's finding that Child has no relationship with Father. Further, the record supports the trial court's conclusion that Child will not suffer irreparable harm if Father's parental rights are terminated. It was within the trial court's discretion to accept the testimony of D.R.E. and to conclude that the benefits of a permanent home with D.R.E. outweigh any emotional distress Child might experience if Father's parental rights were terminated. Based on the record before us, we discern no error or abuse of discretion in the trial court's

conclusion that Child's developmental, emotional, and physical needs and welfare are best met by terminating Father's parental rights. Where the trial court's determination is supported by the record, this Court must affirm. ***In re R.L.T.M.***, 860 A.2d 190, 191-192 (Pa. Super. 2004).

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/18